UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In the Matter of the Trusteeship
Created by LNR IV, Ltd, and
LNR CDO IV, Corporation,
Relating to the Issuance of Notes
In the Original Aggregate Principal
Amount of $1,279,038,000

                                          **MEMORANDUM OF LAW & ORDER**
                                          Civil File No. 12-2789(MJD/JSM)

_____

Andrew M. Luger and Erin Sindberg Porter, Greene Espel PLLP, Brian S. Fraser, Daniel L. Stein, and Grace C. Wen, Richards Kibbe & Orbe LLP, Counsel for Morgan Stanley & Co, LLC.

Ana Chilingarishvili, Clark T. Whitmore, James F. Killian, JoLynn M. Markison, and Martin S. Fallon, Maslon Edelman Borman & Brand, LLP, Counsel for U.S. Bank National Association.

Adrienne C. Baranowicz, Gary F. Eisenberg, and Keith W. Miller, Perkins Coie LLP, Malika Kanodia and Terrence J. Fleming, Lindquist & Vennum PLLP, Todd C. Pearson, Pearson Law Office, Counsel for LNR CDO IV, LLC (f/k/a LNR CDO IV Corporation), LNR Partners, LLC (f/k/a LNR Partners, Inc.), LNR Securities Holdings, LLC, LNR Securities Preferred, LLC, and Diesel Ltd.

_____

## I. INTRODUCTION

This matter is before the Court on Party In Interest Morgan Stanley & Co.,

LLC's Motion To Transfer Venue to the Southern District of New York. [Docket

No. 10]  This matter is also before the Court on LNR CDO IV, LLC (f/k/a LNR CDO IV Corporation), LNR Partners, LLC (f/k/a LNR Partners, Inc.), LNR Securities Holdings, LLC, LNR Securities Preferred, LLC, and Diesel Ltd.'s Motion to Remand.  [Docket No. 31]  The Court heard oral argument on January 18, 2013.  For the reasons that follow, the Court denies the motion to remand, grants the motion to transfer venue, and transfers this case to the United States District Court for the Southern District of New York.

## II.     BACKGROUND

### A.     Factual Background

#### 1. The Parties

Petitioner U.S. Bank National Association ("U.S. Bank") is a national banking association organized under the laws of the United States.  (Luger Decl., Ex. E.)  U.S. Bank's corporate trust headquarters are located in St. Paul, Minnesota.  (Id.)  U.S. Bank is the successor Trustee for the trusts at issue.  (Id.)

Party In Interest Morgan Stanley & Co., LLC ("Morgan Stanley") is a corporation incorporated in Delaware and has its principal place of business in New York, New York.  (Id., Exs. F and G.)

#### 2. The March 2, 2006 Indenture

In February 2006, LNR CDO IV Ltd., as Issuer, and LNR CDO IV Corporation, as Co-Issuer (collectively "LNR Co-Issuers") offered for sale classes of notes that were secured primarily by a pool of commercial mortgage-backed securities. (Luger Decl., Ex. A.) The Issuer, LNR CDO IV Ltd., is an exempt limited liability company incorporated under the laws of the Cayman Islands. (Id., Ex. A.) The Co-Issuer, LNR CDO IV Corporation, is a Delaware corporation and has no prior operating history. (Id.)

The notes were issued pursuant to the March 2, 2006 Indenture. (Luger Decl., Ex. B.) The parties to the Indenture were the LNR Co-Issuers and the Trustee, LaSalle National Bank Association. (Id.) At some time after the offering, U.S. Bank succeeded LaSalle as the Trustee. (Id., Ex. E.)

The Co-Issuers issued non-recourse notes in the original aggregate principal amount of $1,279,038,000. (Id., Ex. B.) The notes were issued in several classes that had different terms and different rates of interest and priorities of repayment. (Id., Ex. B and E.) Morgan Stanley holds Class A Notes.

### 3. Indenture Language At Issue

The Indenture provides for two separate priorities of payments for the payment of principal and interest for each class of Notes. (Id., Exs. B and E.) The

priority of payments depends on whether the indebtedness evidenced by the Notes has been accelerated. (Id., Exs. B and E.) If indebtedness has not been accelerated, the payment of all principal and interest is due on higher-priority notes before any principal is paid on lower-priority notes (the "Non-Accelerated Priority of Payments"). (Id., Ex. B.) If indebtedness has been accelerated, no further payments of either principal or interest shall be paid to junior classes until all principal and interest owed to Class A notes have been paid in full (the "Accelerated Priority of Payments"). (Id.)

It is undisputed that a default event occurred under the Indenture. (Id., Exs. C and E.) In response, Morgan Stanley issued a Declaration of Acceleration of the indebtedness pursuant to the Indenture. (Id., Ex. E.)

The Trustee, U.S. Bank, determined that the Indenture required it to rescind the Declaration of Acceleration. (Id.) The Trustee also determined that rescission made the Non-Accelerated Priority of Payments applicable, instead of the Accelerated Priority of Payments. (Id.) This permits the Trustee to make interest payments to Holders of subordinated notes before Holders of Class A notes, like Morgan Stanley, have been paid in full.

Several LNR entities submitted a response to U.S. Bank rejecting Morgan

Stanely's position and reiterating the requirements to rescind and annul the acceleration. (Siddiqui Decl. ¶ 16 and Ex. E.)

**B. Procedural Background**

On or about October 9, 2012, Petitioner U.S. Bank filed a Petition for Instruction in the Administration of Trust Pursuant to Minn. Stat. § 510B.16 in the State of Minnesota, Second Judicial District, District Court, Court of Ramsey County. The Trustee sought instruction from the Minnesota State Court approving its interpretation of the Indenture. (Luger Decl., Ex. E.) The Trustee sought an Order:

> (i) approving and ratifying the Trustee's determination that the Trustee is obligated to rescind the Declaration of Acceleration and all of its consequences; (ii) approving and ratifying the Trustee's determination that the subordination provisions [ ] do not currently apply to prohibit a distribution by the Trustee in accordance with the Non-Accelerated Priority of Payment [ ]; and (iii) approving payment from the Trust of any fees and expenses incurred by the Trustee in connection with this Petition, notwithstanding any limitations on such payment set forth in this Indenture.

(Id.)

The Petition was filed pursuant to the Minnesota State Statutory Trust Instruction Proceedings ("TIPs"). Id.; see also Minn. Stat. § 510B.16-.25. On October 10, 2012, the Minnesota State Court ordered a December 17, 2012 hearing

5

on the Petition and provided that parties in interest may object to the Petition by filing a memorandum of law five days before the hearing. (Luger Decl., Ex. E.)

On November 1, 2012, Party In Interest Morgan Stanley removed the case to this Court based on diversity jurisdiction and federal question jurisdiction under the Edge Act, 12 U.S.C. § 632. On November 12, 2012, Morgan Stanley filed a motion to transfer venue to the Southern District of New York. [Docket No. 10] On November 21, 2012, the LNR Parties filed a Motion to Remand the action to the Minnesota state court. [Docket No. 31]

## III. DISCUSSION

### A. Motion to Remand

#### 1. Standard

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987)). Whether

removal is deemed proper will be determined based on the record as it stands at the time of removal.  See Hatridge v. Aetna Cas. & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969).

    **2.**    **Diversity Jurisdiction**

The LNR Parties assert that this Court lacks diversity jurisdiction over this matter and therefore the LNR Trusteeship case should be remanded back to the state court.  The LNR Parties argue that the diversity statute, 28 U.S.C. § 1332, requires complete diversity, and complete diversity does not exist.  The LNR Parties argue that the Court is required to review the parties' legal interests and align them on the correct side of the 'v.' for purposes of diversity of citizenship.  See Dryden v. Dryden, 265 F.2d 870, 873 (8th Cir. 1959) ("It is our duty, as it is that of the lower federal courts, 'to look beyond the pleadings, and arrange the parties according to their sides in the dispute.'").  The LNR Parties reason that they have divergent interests from Morgan Stanley's interests.  In short, Morgan Stanley opposes U.S. Bank's request to rescind and annul the acceleration and the LNR Parties support the request.  Therefore, the LNR Parties argue that the Court must realign the parties and place Morgan Stanley on one side of the 'v.' and the LNR Parties on the other side.  Because the LNR Parties and Morgan

Stanley are all Delaware citizens for purposes of diversity jurisdiction and after the realignment, are on opposite sides of the 'v.', then complete diversity is absent and remand is required.

The Court rejects the LNR Parties' rationale and finds that diversity jurisdiction exists. In order to determine whether federal subject matter jurisdiction exists and removal is appropriate, a court examines the circumstances at the time that the state petition is filed and when the petition for removal is filed. See, e.g., Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). Events that occur after this time do not change the analysis. See Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (per curiam) ("[L]ater events do not deprive a court of jurisdiction over parties who were properly aligned in the first instance."); Karnatcheva v. JPMorgan Chase Bank, N.A., Civil No. 11-3452, 2012 WL 1657531, at *1 (D. Minn. May 11, 2012) ("Whether removal is deemed proper will be determined based on the record as it stands at the time of removal.").

The Court finds that complete diversity existed at all relevant times. At the time of removal, the only parties who appeared in the action were U.S. Bank, a citizen of Minnesota, and Morgan Stanley, a citizen of Delaware and New York.

Thus, complete diversity existed at that time. The LNR Parties' appearance after the case was removed does not deprive the Court of diversity jurisdiction.

The Court disagrees with the LNR Parties' argument that the Court must "realign" the parties. The proper alignment of the parties places U.S. Bank, the Trustee, on one side of the 'v.' and the parties in interest on the other side. See In re Trusteeship Created by Alaska Indus. Dev. & Expert Auth., Civil No. 10-2996 (DSD/JJG), 2010 WL 4811899, at *1 (D. Minn. Nov. 19, 2010) (noting that action filed by U.S. Bank in Minnesota State Court pursuant to Minn. Stat. § 501B.16 was timely removed by Respondents who were three citizens of Alaska).

Because complete diversity exists between the parties, the Court finds that it has diversity jurisdiction over this matter, and therefore the Court denies the LNR Parties' motion to remand.

### 3. Federal Question Jurisdiction

The LNR Parties argue that this Court lacks federal question jurisdiction over this matter and therefore the case should be remanded back to the state court. The Court need not address whether federal question jurisdiction exists because the Court finds that it has diversity jurisdiction over this matter.

## B. Motion to Transfer

Morgan Stanley seeks to transfer the case to the United States District Court for the Southern District of New York. U.S. Bank and the LNR Parties oppose the transfer.

1.   **Standard**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997). When considering a motion to transfer, the Court must consider three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Id. at 691. However, "such determinations require a case-by-case evaluation of the particular circumstances at hand." Id.

In determining whether transfer is appropriate, the Court is not limited to the 1404(a) factors. Instead, the Court can consider a number of factors, including a valid and applicable forum selection clause. Terra Int'l Inc., 119 F.3d

688. "The determination of whether to transfer venue "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

### 2. Convenience of the Parties and the Witnesses

When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Terra Int'l, Inc., 119 F.3d at 696.

#### a. Convenience of the Parties

"When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience . . ." In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the parties is comparable, "the tie is awarded to the plaintiff." Id.

Here, Trustee U.S. Bank maintains that it will be inconvenienced by travelling to New York because its trust department resides in Minnesota. In

contrast, Morgan Stanley reasons that the real party in interest – itself – resides in New York and not Minnesota, and therefore it would be inconvenienced by travelling to Minnesota. Morgan Stanley maintains that U.S. Bank has no independent stake in the action and notes that no other Noteholders have appeared in the action to date.

The Court acknowledges the potential inconvenience to Trustee U.S. Bank if the case is transferred, however, the Court finds that the convenience of the parties factor weighs in favor of transfer to the Southern District of New York. The Indenture at issue includes a forum selection clause whereby the parties agreed to waive any argument that the Southern District of New York is an inconvenient forum. The Indenture states in part:

> Section 14.10 <u>SUBMISSION TO JURISDICTION.</u> THE CO-ISSUERS AND THE TRUSTEE HEREBY IRREVOCABLY SUBMIT TO THE NON-EXCLUSIVE JURISDICTION OF ANY FEDERAL OR NEW YORK STATE COURT SITTING IN THE BOROUGH OF MANHATTAN IN THE CITY OF NEW YORK IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE NOTES OR THIS INDENTURE, AND THE CO-ISSUERS AND THE TRUSTEE HEREBY IRREVOCABLY AGREE THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN SUCH FEDERAL OR NEW YORK STATE COURT. <u>THE CO-ISSUERS AND THE TRUSTEE HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT THAT THEY MAY LEGALLY DO SO, THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF SUCH ACTION OR</u>

PROCEEDING.

(Luger Decl., Ex. B at 126 (emphasis added).) The Court finds that U.S. Bank, as successor Trustee, waived any argument that the Southern District of New York is an inconvenient forum. See, e.g., iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1082 (8th Cir. 2005) (per curiam) (because contract stated that parties waived any objection to litigate in Missouri state court, party was "unambiguously prohibited . . . from objecting to venue" there); Drapeau v. Airpax Holdings, Inc. Severance Plan, No. 11-cv-64 (DWF/JSM), 2011 WL 3477082, at *4 (D. Minn. Aug. 9, 2011) (where parties agreed to forum selection clause and waived any objection to laying venue in Illinois, court determined that "the interests of justice [would] be served by honoring the forum selection clause" and transferred the case to the Northern District of Illinois); Lyon Fin. Servs., Inc. v. Walls, No. 10-cv-3788 (RHK/AJB), 2011 WL 117239, at *2 (D. Minn. Jan. 13, 2011) (finding it "difficult to accept Defendants' contention that litigating [in forum] would be grossly inconvenient when they . . . expressly waived the defense of inconvenient forum" in forum selection clause).

The LNR Parties argue that the convenience factor does not weigh in favor of transferring the case because Morgan Stanley's motion fails to consider the

convenience of any other Noteholders. The LNR Parties argue that the Court must take into consideration the convenience of these other unknown Noteholders. Neither U.S. Bank nor the LNR Parties have identified any Noteholder that is a citizen of Minnesota and in the record before the Court, there is no Minnesota Noteholder that has appeared in this action.

Therefore, this factor strongly weighs in favor of transfer.

### b. Convenience of the Witnesses

The convenience of the witnesses also weighs in favor of transfer. In the record before the Court, the parties have not identified a specific witness that resides in Minnesota. Although Trustee U.S. Bank's trust department is located in Minnesota, the record shows that U.S. Bank directed Noteholders to submit inquiries regarding the distributions under the Indenture in writing to a trust officer located in Illinois. (Luger Decl., Exs. D and E.) The LNR Parties argue that U.S. Bank may call witnesses from its Illinois or Minnesota offices and it would be more convenient for those witnesses to travel to Minnesota than New York. Neither U.S. Bank nor the LNR Parties have identified a single witness located in Minnesota. Moreover, U.S. Bank did not even suggest that there are possible U.S. Bank witnesses located in Minnesota in its own opposition to the

motion to transfer.

With respect to other witnesses, Morgan Stanley maintains that its employees who were involved in the transaction are based in New York. Likewise, the four banks that managed the issuance of the notes are located in New York. The Co-Issuers' employees and legal counsel are located in various states other than Minnesota, including New York. (Luger Decl., Ex. A.)

The LNR Parties submitted a declaration from Erik D. Klingenberg , "the principal attorney involved in the preparation and drafting of the indenture on behalf of Issuer and Co-Issuer." (Klingenberg Decl. ¶ 4.) In opposing the motion to transfer, the LNR Parties represent that Attorney Klingenberg "will appear in Minnesota to testify if necessary." [Docket No. 42 at 15] The LNR Parties conclude that Attorney Klingenber's willingness to travel to Minnesota renders Morgan Stanley's argument regarding out of state witnesses being unwilling to travel to Minnesota moot, and therefore transfer to New York is not warranted. The Court notes that the LNR Parties' representation of the Klingenberg declaration is not entirely accurate. Attorney Klingenberg's declaration includes several "assumptions" that must be met before he is willing to appear for live testimony in Minnesota. (Klingenberg Decl. ¶ 6.) The Court finds that the

declaration does not resolve the issue of which forum is more convenient for the witnesses.

Thus, as there are no identified witnesses located in Minnesota, this factor weighs in favor of transfer.

### c. Accessibility of the Records

The accessibility of the records is a neutral factor. The parties have not provided the Court with information regarding the location of the records at issue. There is no evidence, however, that any records are located in Minnesota.

### d. Minnesota Connection

The location where the relevant conduct occurred factor weighs strongly in favor of transfer. Although U.S. Bank filed its initial Petition for Instruction in the Administration of Trust in the State of Minnesota, there is no other connection to Minnesota. The record indicates that the negotiation and drafting of the Indenture was completed in New York. Additionally, all identified potential witnesses are located outside of the State of Minnesota.

### 3. Interests of Justice

When analyzing the interests of justice, courts typically consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs

16

to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra Int'l, Inc., 119 F.3d at 696.

### a. Judicial Economy

The judicial economy factor weighs slightly in favor of transfer. Other than reviewing the submissions and holding oral argument for the present motion, this Court has not yet invested resources in this case. Transfer would not entail duplication because the case is at a very early stage. Party In Interest Morgan Stanley has not responded to Trustee U.S. Bank's petition and the parties have not even conducted the pretrial scheduling conference before the Magistrate Judge. Both courts are equipped to handle this case.

### b. The Plaintiff's Choice of Forum

Although Trustee U.S. Bank's corporate trust headquarters are located in Minnesota, the Court does not give its choice of forum significant weight. U.S. Bank waived any objection to venue in New York when it became the successor trustee to the Indenture containing a forum selection clause. Additionally, a plaintiff's choice of forum is afforded "significantly less deference" when the

underlying events giving rise to the litigation did not occur in the forum. See Nelson v. Soo Line R.R., 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). The record indicates that none of the underlying events occurred in Minnesota.

### c. The Comparative Costs to the Parties of Litigating in Each Forum

This factor is neutral. There is no evidence before the Court that demonstrates that cost would prevent either party from litigating in either forum.

### d. Ability to Enforce a Judgment, Obstacles to a Fair Trial, and Conflict of Law Issues

These factors are neutral. There does not appear to be an issue with any of these factors.

### e. The Advantages of Having a Local Court Determine Questions of Local Law

This factor weighs in favor of transfer. The Indenture at issue includes a choice of law provision whereby the parties agreed that New York law governs. The Indenture states in part:

> Section 14.9 GOVERNING LAW. THIS INDENTURE AND EACH NOTE SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED THEREIN WITHOUT REGARD TO THE CONFLICT

OF LAWS PRINCIPLES THEREOF.

(Luger Decl., Ex. B at 126.) The record before the Court indicates that the underlying dispute centers on the interpretation of the Indenture. Trustee U.S. Bank's petition states several times that it filed the underlying petition in order to obtain a court order approving its interpretation of the Indenture and the actions it proposes to take based on that interpretation. (Luger Decl., Ex. E at ¶¶ 11, 17-18.) Therefore, the Court concludes that New York law would apply.

The Court acknowledges that Trustee U.S. Bank filed its petition under Minnesota Statute § 501B.16. U.S. Bank and the LNR Parties argue that the Minnesota State Court's familiarity with this statute renders transfer improper. U.S. Bank and the LNR Parties maintain that the statute provides unique procedural rules regarding notice and opportunity to be heard. U.S. Bank and the LNR Parties, however, have not identified any unique procedural rules or protections offered by the Minnesota statute that are not provided by the Federal Rules of Civil Procedure.

Further, U.S. Bank raised a similar argument in another case before the District of Minnesota, and the Court in that case rejected the argument and

granted the motion to transfer.  See In re Trusteeship Created by Alaska Indus. Dev. & Expert Auth., Civil No. 10-2996 (DSD/JJG), 2010 WL 4811899, at *4 (D. Minn. Nov. 19, 2010) (Minnesota Statute § 501B.16 "is not so difficult or unclear as to render the District of Minnesota uniquely qualified to interpret it. Moreover, the federal court in Minnesota has no particular expertise in applying the state law at issue in this case. . . . Therefore, this factor is neutral.").  The Court concludes that this is not sufficient to warrant denying the motion to transfer.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. LNR CDO IV, LLC (f/k/a LNR CDO IV Corporation), LNR Partners, LLC (f/k/a LNR Partners, Inc.), LNR Securities Holdings, LLC, LNR Securities Preferred, LLC, and Diesel Ltd.'s Motion to Remand  [Docket No. 31] is **DENIED**.

2. Morgan Stanley's Motion to Transfer Venue [Docket No. 10] is **GRANTED**.

3. This matter is transferred to the United States District Court for the Southern District of New York.

Dated:   April 3, 2013			s/ Michael J. Davis					
					Michael J. Davis
					Chief Judge
					United States District Court